JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail: jag@mgalaw.com
sgc@mgalaw.com

*Attorneys for Ennis Lyvell Williams*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ENNIS LYVELL WILLIAMS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-00157-JAD-DJA <br><br> **JOINT ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff, ENNIS LYVELL WILLIAMS ("Plaintiff"), by and through his counsel of record, the law firm MAIER GUTIERREZ & ASSOCIATES, and defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant"), by and through its counsel of record, the law firm HALL JAFFE & CLAYTON, ESQ., hereby submit this proposed joint discovery plan and scheduling order.

1. **Meeting**: Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), a meeting was held on February 14, 2023, and was attended by Joseph A. Gutierrez, Esq., as counsel for Plaintiff, and Riley A. Clayton, Esq., as counsel for Defendant, participated in a discovery and scheduling conference (the "Conference") to discuss all of the issues required by Federal Rule Civil Procedure

26(f).

2. **Pre-Discovery Disclosures**: Pursuant to FRCP Rule 26(a)(1)(C), the parties have fourteen (14) days from the date of the Rule 26(f) Conference to make their initial disclosures. The Plaintiff's initial disclosures were made on February 28, 2023. The Plaintiff's first supplement disclosures were made on March 13, 2023. The Defendant's initial disclosures were made on March 6, 2023.

3. **Areas of Discovery**: The parties agree that the areas of discovery should include, but not be limited to: liability, causation, damages, and all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Electronically Stored Information**: At this time, the parties do not believe that there will be a need for discovery of electronically stored information. However, should such discovery be needed, the parties agree that the documents and/or information will be produced in a format that is mutually agreeable between the parties.

5. **Privileged Disclosures**: At this time, the parties have no issues regarding claims of attorney-client privilege or work-product privilege. In the event the parties assert such a privilege, the parties will comply with all requirements set forth in Fed. R. Civ. P. 26(b)(5). With regard to mistakenly produced documents or information, production of documents and disclosure of information, within the context of this lawsuit, shall not waive any claim of privilege, confidentiality or protection, so long as the responding party, at or before the final disposition of the action, identifies any privileged documents or information mistakenly disclosed. Upon such identification: (1) the mistakenly produced documents or information shall be returned to the responding party; (2) the party which mistakenly received the documents or information shall destroy all copies of the same; and (3) no party can assert that the mistaken production waived a claim of privilege or production.

6. **Discovery Plan**: The subjects on which discovery may be needed are any and all matters, not privileged, that are relevant to Plaintiff's and/or Defendant's claims and/or defenses and/or any and all subjects that are reasonably calculated to lead to the discovery of admissible evidence. Discovery may be conducted on all matters pursuant to Fed. R. Civ. P. 26(b). Furthermore, discovery shall not be conducted in phases, nor limited or focused upon particular issues, other than those in the preceding paragraph.

Each party shall be permitted to serve forty (40) Interrogatories, forty (40) Requests for Production of Documents, and forty (40) Requests for Admissions. The parties desire no other changes to the limitations on discovery as set forth in the Federal Rules of Civil Procedure and/or Local Rules of Civil Practice.

The Parties now propose the following discovery plan:

**A. Discovery Cut-Off Date:** The proposed cut-off date for discovery shall be July 31, 2023, 180 days from the date of Defendant's first appearance, which occurred on January 30, 2023.

**B. Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties shall be filed no later than May 2, 2023, ninety (90) days prior to the proposed close of discovery.

**C. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** Disclosures concerning initial experts shall be made by June 1, 2023, sixty (60) days before the proposed discovery cut-off date. Disclosures concerning rebuttal experts shall be made by July 3, 2023, thirty (30) days after the initial disclosure of experts.

**D. Dispositive Motions:** The date for filing dispositive motions shall not be later than August 30, 2023, thirty (30) days after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed discovery plan and scheduling order, the date for filing dispositive motions shall be extended to not be later than thirty (30) days from the subsequent discovery cut-off date.

**E. Pretrial Order:** The date for filing the joint pretrial order shall not be later than September 29, 2023, thirty (30) days after the cut-off for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**F. Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections hereto shall be included in the joint pretrial order.

**G. Alternative Dispute Resolution:** The parties previously discussed the possibility of mediation and arbitration.

**H. Alternative Forms of Case Disposition:** The parties have discussed the possibility of trial by the magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and without conceding any issues with jurisdiction, agree that trial in this case would be better suited before the District Court.

**I. Electronic Evidence:** The parties do not at this time anticipate any issues about disclosures or discovery of electronically stored information, if any, including the form or forms in which it should be produced. The parties shall meet and confer and otherwise work in good faith with respect to the production of electronically stored information should any dispute arise.

**J. Interim Status Report:** ~~The joint status report required by LR 26-3 was filed on than February 23, 2023, or 60 days prior to the close of discovery in the event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order~~.

**K. Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made pursuant to LR ~~26-4~~ 26-3 and be supported by a showing of good cause, no later than twenty-one (21) days before the subject deadline.

**L. Document Production**: All documents produced in this action will be delivered as either hardcopy documents or Portable Document Format ("PDF") images unless the requesting party specifically requests that any responsive electronic documents be produced in native format.

**M. Written Discovery:** The parties mutually agree to provide Word versions of any propounded written discovery requests to the responding party so as to facilitate the process of providing responses.

///
///
///
///
///
///
///

**N. Protective Orders For Confidential Documents and/or Information**: The parties have discussed the need for a protective order for confidential documents and/or information and will be working together to agree on the terms of a stipulated protective order if needed.

DATED this 22nd day of March 2023.                    DATED this 22nd day of March 2023.

**MAIER GUTIERREZ & ASSOCIATES**                          **HALL JAFFE & CLAYTON, LLP**

 */s/ Joseph A. Gutierrez*                                 */s/ Cheryl C. Bradford*
JOSEPH A. GUTIERREZ, ESQ.                                RILEY A. CLAYTON, ESQ.
Nevada Bar No. 9046                                       Nevada Bar No. 005260
STEPHEN G. CLOUGH, ESQ.                                   CHERYL C. BRADFORD, ESQ.
Nevada Bar No. 10549                                      Nevada Bar No. 009765
8816 Spanish Ridge Avenue                                 7425 Peak Drive
Las Vegas, Nevada 89148                                   Las Vegas, Nevada 89128
*Attorneys for Plaintiff*                                 *Attorney for Defendant*

*Ennis Lyvell Williams v. State Farm Mutual Automobile Insurance Company*
Case No. 2:23-cv-00157-JAD-DJA
Joint Proposed Discovery Plan and Scheduling Order

**IT IS SO ORDERED** that the parties' Joint Discovery Plan and Scheduling Order is **granted in part** and **denied in part**. The plan includes an interim status report deadline and cites to LR 26-3. The Local Rules as amended on 4/17/2020 eliminated former Local Rule 26-3's requirement for Interim Status Reports. The Court will not approve an interim status report deadline as no such deadline exists under the amended Local Rules.

DATED this 23rd day of March 2023.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

5